JOHN TAYLOR, plaintiff in error, *vs.* L. W. H. PITTMAN, executor of JOHN HARGROVE, deceased, defendant in error.

Pending an action of trover, the plaintiff filed a bill concerning the same subject matter, reciting said action, and praying that it be made part and parcel of the bill, etc. ; the dismissal of said bill did not dismiss said action.

Testator having uniformly disclaimed title in property, the executor can not recover it in trover.    HARRIS, J.

Statements made, and acts done, in ignorance of the facts, even if they bind him who made and did them, should not be permitted to deprive his wife and children of their rights.    HARRIS, J.

Equity.    Tried by Judge VASON, Worth county, Chambers, December, 1867.

Pittman, as executor of Hargrove, brought trover against Taylor to recover certain cattle alleged to have been the property of Hargrove.    Pending this action, he also filed a bill in equity against Taylor, touching the same subject matter, and prayed that his trover action might be made part and parcel of the bill, and for an account and settlement with Taylor.    By his answer, Taylor denied the right of the executor to recover the cattle, and set up that Hargrove owed him, Taylor, one thousand dollars, and asked for judgment for the same.

The parties agreed that the cases should be tried in Chambers, before Judge Vason, from whose decision, as to the law

Taylor *vs.* Pittman, ex'or.

or facts, either party might take a writ of error to the Supreme Court.   An order was accordingly taken, and the case was heard by Judge Vason, without a jury.

Pittman's solicitors, at the hearing, moved to dismiss the bill, to which Taylor objected, on the ground that this would prevent his recovering his set-off.   The Judge ordered the bill dismissed, without prejudice to the defendant.   Taylor's counsel then moved to take judgment for costs against Pittman, executor, on the whole case, upon the ground that having made the action of trover part of said bill, and then having dismissed the bill, the trover case was, *ipso facto*, dismissed also.   The Court overruled the motion.

The trover action was tried, and resulted in a judgment against Taylor for $4,950 00, with interest from 20th December, 1857, and costs.

It was agreed that a motion for new trial was unnecessary, and should be considered as made and overruled, and the case was brought up to this Court, upon the ground that the verdict was against the weight of the evidence, and that there was error in allowing the bill dismissed, and in holding that the trover action was not also dismissed.

WRIGHT & WARREN, HARRIS, for plaintiff in error.

POPE, DAVIS, STROZIER and SMITH, for defendant in error.

HARRIS, J.

This case was, in its entirety, law and facts, submitted, under an agreement between counsel, to the decision of Judge Vason, and is now before us as upon a motion for a new trial, which was refused.

In looking through the testimony in the record, we have all been deeply impressed that if the plaintiff had a right to recover, the amount of $4,950, with interest from 20th December, 1857, allowed by the Judge, is excessive and far beyond the amount for which defendant, if answerable, should account to the executor of Hargrove.   As the case is sent

back for a new trial, we do not deem it advisable to go into the facts which have led us to the above conclusion.

We also unite in the opinion that the bill filed by the executor, after he had instituted his suit in trover, though it recited the action of trover, when dismissed by complainant, did not carry along with it the action pending at law.

But upon the testimony before us, a question arises which goes to the merits of the action of trover. It is, whether plaintiff, the executor of Hargrove, can maintain any suit for the cattle, or for damages, in the face of *a continued disclaimer* of title by his testator, from the advance of money to purchase them with, to the day of his death?

Judge Warner thinks the suit was maintainable upon the repeated admissions of Taylor that the cattle were Hargrove's. Judge Walker declined to express any opinion.

I entertain a very strong conviction that it is a rule of universal application, that a plaintiff must recover upon the strength of his title, and *that the files of no Court in the world will furnish a precedent of the recovery, by a sane, intelligent man, thoroughly informed of all the facts, of property which he says is not his, and over and over again, and uniformly, disclaims title to it.* The testimony here shows that Taylor had married Hargrove's favorite niece; that after Taylor's house had been burnt, Hargrove urged him to remove from the county, promising *"to help him"* to start in life again; that he did send him money by a witness, with directions that he, Taylor, should buy a stock of cattle *for his family;* that cattle were bought by Taylor with the money, and that at no time, from sending the money to his death, a space of eight years or more, did he, in repeated conversations with Taylor and other persons, and especially with Gen. Levi J. Knight, assert title, or claim any interest whatever, in the cattle in Irwin county, and that Hargrove never went at any time to look after them, nor in any way exercised dominion over them. Is not the executor of Hargrove bound by these admissions and conduct of Hargrove? The sayings and statements and acts of Taylor were evidently made *in ignorance of the gift* by Hargrove of the money to buy the cattle

for his, Taylor's, family.   Even if they are to have an effect upon Taylor's rights of property in the cattle, they surely should not be permitted to deprive his wife and children of *their* rights.   Whether the cattle are Taylor's or his family's, is a matter to be settled between them.   *They belong to the one or the other.*   It is, to me, very clear that Hargrove's estate has no right to them.

Judgment reversed.